IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT R HYATT                                                                                          PETITIONER

v.                                                    Case No. 2:12-CV-02081

RAY HOBBS, Director, Arkansas
Department of Correction                                                                        RESPONDENT

**O R D E R**

Currently before the Court is the Report and Recommendation (Doc. 4) filed in this case on May 10, 2012, by the Honorable James R. Marschewski, Chief United States Magistrate Judge for the Western District of Arkansas.  Also before the Court are Petitioner's objections (Doc. 6).

The Court has reviewed this case and, being well and sufficiently advised, finds as follows: Petitioner's objections offer neither law nor fact requiring departure from the Report and Recommendations. Petitioner argues that extraordinary circumstances made it impossible for him to timely file the instant Petition. The extraordinary circumstances alleged by Petitioner are that he was unable to perform adequate legal research and writing; had no assistance in doing his "law work;" and received ineffective assistance by his appointed appellate counsel. Petitioner also reasserts his allegations of ineffective assistance by his trial counsel.

The Court finds that dismissal of Petitioner's case remains appropriate. As stated in the Report and Recommendation, in general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling of the one-year statute of limitations applicable to the instant Petition for habeas relief. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources), *cert. denied*, 534 U.S. 863 (2001).  Certainly,

Petitioner's claims that he did not have adequate access to legal authority or adequate assistance in preparing his instant claims cannot account for a five-year delay in filing the instant Petition. Petitioner's underlying substantive claims for ineffective assistance of counsel are, therefore, untimely, and the Court will not re-address the merits of those claims, but adopts in full the reasoning set forth in the Report and Recommendation.

The Court finds that the Report and Recommendation is proper and should be and hereby is **ADOPTED IN ITS ENTIRETY**. Accordingly, for the reasons stated in the Magistrate Judge's Report and Recommendation, the instant Petition is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED this 28th day of June, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE