IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT RAY HYATT                                                                                    PETITIONER

V.                                                    No.  12-2081

RAY HOBBS, Director
Arkansas Department of Corrections                                                          RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned is the petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b) (ECF No. 16) filed March 6, 2014.

### I.  Background

The Petitioner was convicted at a jury trial in Sebastian County, Arkansas on February 23, 2005 on two counts of first-degree murder and one count of first-degree battery and was sentenced to 50 years on each count of murder and 30 years on the battery charge all to run concurrently. The Petitioner appealed his sentence to the Arkansas Court of Appeals which affirmed the conviction on February 8, 2006 (*See Hyatt v. Arkansas*, 2006 WL 290586) and the mandate was affirmed on March 2, 2006. The Petitioner filed a **<u>timely</u>** Rule 37 motion on April 17, 2006 which the court denied on May 17, 2006 (See Exhibit A). The Petitioner did not appeal the decision of the Circuit Court denying the Rule 37 motion.

The Petitioner filed a Petition for relief under 28 U.S.C. §2254 (ECF No. 1) on April 13, 2012.  A Report and Recommendation (ECF No. 4) was issued on May 10, 2012.  The Petitioner filed Objections to the R&R (ECF No. 6) on June 22, 2012 and the court issued an Order

Adopting the Report and Recommendation (ECF No. 7) on June 28, 2012. A Notice of Appeal (ECF No. 8) was filed July 12, 2012 and an Order Denying Certificate of Appealability (ECF No. 11) was entered on July 13, 2012.  The Eighth Circuit Court of Appeal affirmed the denial of Certificate of Appealability and dismissed the appeal on August 20, 2012. (ECF No. 15-1)

The Petitioner brings the current Rule 60(b) motion contending that the court erred when it determined that the Petitioner failed to show cause for his default. (ECF No. 16, p.1).  The Petitioner now argues that the failure of the state court to appoint counsel for his Rule 37 Petition should constitute cause to excuse his violation of the federal statute of limitations.

## II.  Discussion

**A.  Rule 60(b):**

It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure. *United States v. Patton*, 309 F.3d 1093 (8th Cir.2002) (per curiam) (collecting cases); *see also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir.2002) (per curiam) (if Rule 60(b) motion is actually successive habeas petition, court should dismiss it for failure to obtain authorization from court of appeals, or in its discretion, transfer motion to court of appeals). Likewise, the certificate requirement under 28 U.S.C. § 2253(c)(1) may not be circumvented through creative pleading. A certificate of appealability is required to appeal the denial of any motion that effectively or ultimately seeks habeas corpus or § 2255 relief. *U.S. v. Lambros*  404 F.3d 1034, 1036 (C.A.8 (Minn.),2005)

The Eighth Circuit has encouraged district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ a procedure whereby the district

court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254. If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals. Depending on which course of action the district court chooses, the petitioner may either appeal the dismissal of the purported Rule 60(b) motion or, if the district court has elected to transfer the purported 60(b) motion to the Court of Appeals, await the action of the Court of Appeals. *Boyd v. U.S.* 304 F.3d 813, 814 (C.A.8 (Mo.),2002).

Ineffective Assistance of Council claims in Arkansas can only be raised in post conviction proceeding under a Rule 37 petition and must be filed within 60 days of the date the mandate is filed in the Arkansas appellate court. (Arkansas Rule of Criminal Procedure 37.2(c) (2010)).  The Petitioner argues that he filed a timely Rule 37 Petition, which was denied  by the court and that he had no knowledge as to perfecting an appeal, and without any assistance of counsel he missed the time limits for lodging an appeal as well as for filing a Writ of Habeas Corpus. (ECF No. 16, p. 1).

In this case the Petitioner did not procedurally default his Rule 37 claim initially because he filed a timely petition in Circuit Court.  What he failed to do was appeal the court's ruling on his Rule 37 claim.  A claim that is presented to the state court on a motion for post-conviction relief is procedurally defaulted if it is not renewed in the appeal from the denial of post-conviction relief. *Lowe-Bey v. Groose*, 28 F.3d 816, 818 (8th Cir.1994). *See also Reese v.*

-3-

*Delo*, 94 F.3d 1177, 1181 (8th Cir.1996) (a claim presented in a motion for post-conviction relief but not advanced on appeal is abandoned). *Anderson v. Groose* 106 F.3d 242, 245 (C.A.8 (Mo.),1997). The procedural default of the Petitioner's claim, however, is wholly independent of the Federal limitations requirement.

In March 2012 the United States Supreme Court decided *Martinez v. Ryan* which held in part that "when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial." *Martinez v. Ryan* 132 S.Ct. 1309, 131 (U.S.,2012).The United States Supreme court revisited the procedural default issue in *Trevino v. Thaler* in 2013 and stated that they read Coleman "as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective- assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding*." Trevino v. Thaler* 133 S.Ct. 1911, 1918 (U.S.,2013) citing Martinez, supra, at ––––, 132 S.Ct., at 1318–1319, 1320–1321.

While the Martinez/Trevino cases would mandate that a federal may excuse a state procedural default where the state law did not require the appointment of counsel in initial-review collateral proceedings that does not mean that procedural change is to be applied

retroactively. The courts that have considered the issue have held that " Martinez 'qualifie[d] Coleman by recognizing a narrow exception' to that case's rule," and the Court itself "characterized its decision in *Martinez* as an 'equitable ruling,' and not a 'constitutional' one." See *Pagan-San Miguel v. U.S.* 736 F.3d 44, 45 (C.A.1,2013) citing *Adams v. Thaler,* 679 F.3d 312, 323 n. 6 (5th Cir.2012); *Buenrostro v. U.S.* 697 F.3d 1137, 1139 (C.A.9,2012). The courts seem clear that *Martinez/Trevino* would not constitute a new rule of constitutional law to extend the limitations under 2254 but the question still remains if it would be such an extraordinary circumstance as to extend the claim under Rule 60(b).

The 5th Circuit in *Adams v. Thaler* has determined that it does not. That court held because "the Martinez decision is simply a change in decisional law and is not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)." *Adams v. Thaler* 679 F.3d 312, 320 (C.A.5 (Tex.),2012). In Martinez, the Supreme Court did not create a new rule of constitutional law; instead, it announced a new procedural rule by crafting of a narrow, equitable exception to Coleman 's holding. The Supreme Court's doing so is not the kind of "extraordinary circumstance" that warrants relief under Rule 60(b).

**B. Statute of Limitations:**

This is especially true in light of the facts of the current case where the Petitioner's 2254 motion was barred because of the limitations period within 2254. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." See 28 U.S.C. § 2255; *Campa-Fabela v. United States*, 339 F.3d 993 (8th Cir. 2003). The Petitioner's judgment became final in 2006 when he failed to appeal the state court ruling denying his Rule 37 Petition.

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources).

As pointed out above the failure to appoint an attorney in the Rule 37 hearing alone would be insufficient basis for equitable tolling. This court has adopted the rationale in *Adams v. Thaler* and has previously refused to acknowledge that the failure of the state court to appoint an attorney in the state Rule 37 proceeding would constitute equitable tolling of the federal limitations requirement. (*Reyes v. State of Arkansas*, 2:01-cv-02015; ECF No. 30, 33).

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under Rule 60(b) be DENIED.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this July 1, 2014

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE